UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

SHAMEREAL JOHNSON                                                                    PLAINTIFF

V.                                                      CIVIL ACTION NO. 3:23-CV-320-KHJ-MTP

ENTERPRISE LEASING COMPANY – SOUTH                                    DEFENDANTS
CENTRAL, LLC, d/b/a Alamo Rent a Car, et al.

ORDER

Before the Court is Defendant Alamo's [7] Motion to Dismiss. The Court grants the motion in part and denies it in part.

I.   Background

This case arises from a one-way car rental. In 2020, Plaintiff Shamereal Johnson arrived at the New Orleans International Airport. Compl. [1] ¶ 7. She rented a car from Defendant Budget. *Id.* ¶ 8.[1] The next day, Johnson tried to return the car at Jackson Municipal Airport. *Id.* ¶¶ 8–9.

But because of "inadequate signage," she took a wrong turn and drove into Defendant Alamo's parking area. *Id.* ¶ 9.[2] Tire spikes prevented her from leaving; Johnson searched for help. *Id.* ¶¶ 10–11. Johnson looked through the airport and parking area, but she could not find any Budget or Alamo employees. *Id.* ¶¶ 11–12.

---

[1] Budget's full name is Avis Budget Car Rental, LLC. *Id.* ¶ 5.

[2] Alamo's full name is Enterprise Leasing Company – South Central, LLC, d/b/a Alamo Rent a Car. *Id.* ¶ 4.

So Johnson called the "corporate offices of both Defendants." *Id.* ¶ 12. She alleges that "both Defendants" told her that "this was a normal situation, and the matter would be handled promptly." *Id.* ¶ 13. More concretely, "[b]oth Defendants represented . . . that the car would be removed from the Alamo area and returned to Budget." *Id.* ¶ 14.

That did not happen. Instead, "Alamo took control of the car and rented it to one of their customers." *Id.* ¶ 18. And Budget—now missing a rental car—withdrew thousands of dollars from Johnson's account on file. *See id.* ¶ 19.

Johnson sued Budget and Alamo. Her three-page Complaint does not include any counts or explicitly identify any causes of action. *See id.* ¶¶ 1–20. Alamo moved to dismiss for failure to state a claim. [7]. It construed the Complaint as asserting a "singular cause of action" for fraudulent misrepresentation. *See* Alamo Mem. [8] at 1. In response, Johnson argued that the Complaint's factual allegations give rise to five other claims, too: negligence, negligent misrepresentation, negligent supervision, negligent training, and negligent infliction of emotional distress. Johnson Mem. [14] at 4–5.

II.   Standard

Rule 8 requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). That is, a complaint must give the defendant "fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (cleaned up). But it is

"unnecessary to set out a legal theory for the plaintiff's claim for relief." *Johnson v. City of Shelby*, 574 U.S. 10, 12 (2014) (per curiam) (quotation omitted).

To survive a motion to dismiss, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ghedi v. Mayorkas*, 16 F.4th 456, 463 (5th Cir. 2021) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A claim is facially plausible when its factual matter allows the Court to draw a "reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Iqbal*, 556 U.S. at 678). But speculative inferences and conclusory allegations are not enough. *Id.* At bottom, determining facial plausibility is "context-specific" and requires the Court to draw on its "judicial experience and common sense." *Id.* (quoting *Iqbal*, 556 U.S. at 679).

"In alleging fraud," a plaintiff "must state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b).

III.   Analysis

Johnson's claims fall into a few buckets. One claim passes under Rule 8 but fails under Rule 9. Two claims pass under Rule 8. And three claims fail under Rule 8. The Court addresses each bucket in turn.

1. Fraudulent Misrepresentation

Johnson's fraudulent-misrepresentation claim complies with Rule 8 but not with Rule 9.

Under Rule 8, Johnson's Complaint provides fair notice of a fraudulent-misrepresentation claim. The Fifth Circuit recently held that a complaint provides

3

fair notice if it uses the "key legal language" of a claim's elements. *Van Winkle v. Rogers*, 82 F.4th 370, 382 (5th Cir. 2023). This Complaint's language tracks the nine elements of a fraudulent-misrepresentation claim. *Compare* [1] ¶¶ 14–19, *with Holland v. Peoples Bank & Tr. Co.*, 3 So. 3d 94, 100 (Miss. 2008) (quotation omitted). And Alamo agrees that the Complaint "apparently asserts" that claim. [8] at 1. Defendants had "fair notice of what the claim is." *Twombly*, 550 U.S. at 555 (cleaned up).

And that claim is "plausible on its face." *Id.* at 570. Alamo's only argument to the contrary is about proximate causation. *See* [8] at 3–4, 6; [18] at 3–4. Alamo emphasizes that "Alamo never charged her bank account." [8] at 6. Budget did. That, Alamo submits, breaks the proximate-causation chain. *See* [18] at 3–4.

It does not. Proximate causation turns on "reasonable foreseeability." *Double Quick, Inc. v. Moore*, 73 So. 3d 1162, 1166 (Miss. 2011) (quotation omitted). Courts assess whether "the damage is the type, or within the classification, of damage the [defendant] should reasonably expect (or foresee) to result." *Glover ex rel. Glover v. Jackson State Univ.*, 968 So. 2d 1267, 1277 (Miss. 2007). Mississippi law "clearly establishes that, where the intervening cause of injury was foreseeable, it cannot super[s]ede the liability of the defendant." *Id.* at 1279.

Here, Alamo allegedly told Johnson that it would return her rental car—but instead kept the car and rented it out. [1] ¶¶ 14, 18. It was foreseeable that Alamo's alleged conduct could leave Johnson on the hook for Budget's missing car. And so, under Rule 8, Johnson has stated a plausible fraudulent-misrepresentation claim.

That claim's problem is with Rule 9. Under that Rule, a plaintiff "must state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). The Fifth Circuit interprets Rule 9(b) "strictly." *Herrmann Holdings Ltd. v. Lucent Techs. Inc.*, 302 F.3d 552, 565 (5th Cir. 2002). A plaintiff's complaint must identify the "who, what, where, when, and how of the alleged fraud." *Colonial Oaks Assisted Living Lafayette, LLC v. Hannie Dev., Inc.*, 972 F.3d 684, 693 (5th Cir. 2020) (quotation omitted).

Johnson's Complaint falls short on the "who" and "when." First, it fails to allege the "identity of the person making the misrepresentation." *Benchmark Elecs., Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 724 (5th Cir. 2003) (quotation omitted). Instead, it alleges only that Johnson called both "corporate offices" and spoke with "Defendants' agents." [1] ¶¶ 12, 17. And second, it fails to particularly allege when Johnson called. Instead, it alleges only that, "[o]n or about May 30, 2020," Johnson called Defendants sometime "[a]fter" searching for employees. *Id.* ¶¶ 9, 12.

Because Johnson did not plead the "who" and "when" with particularity, her fraudulent-misrepresentation claim fails under Rule 9(b). The Court thus dismisses that claim without prejudice. *See Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1017 (5th Cir. 1996).

2. Negligence and Negligent Misrepresentation

Johnson's negligence and negligent-misrepresentation claims pass under Rule 8.

Complaints must plead facts, not law. The Federal Rules "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted." *Johnson*, 574 U.S. at 10–11.[3] Because the Rules "effectively abolish the restrictive theory of the pleadings doctrine," it is "unnecessary to set out a legal theory for the plaintiff's claim for relief." *Id.* at 12 (quoting 5 Charles Alan Wright & Alan R. Miller, *Federal Practice and Procedure* § 1219 (3rd ed. 2004)); *see also, e.g.*, *Smith v. Barrett Daffin Frappier Turner & Engel, LLP*, 735 F. App'x 848, 854 (5th Cir. 2018) (per curiam) ("It bears emphasizing that factual allegations alone may state a claim for relief.").

Johnson has alleged facts supporting a plausible negligence claim. Negligence has four elements: duty, breach, proximate causation, and damages. *Strickland ex rel. Strickland v. Rankin Cnty. Sch. Dist.*, 341 So. 3d 941, 945–46 (Miss. 2022). Johnson has pleaded facts going to each element:

- *Duty.* "Whether a duty exists in a negligence case is a question of law." *Belmont Homes, Inc. v. Stewart*, 792 So. 2d 229, 232 (Miss. 2001). "The important component of the existence of the duty is that the injury is 'reasonably foreseeable.'" *Lyle v. Mladinich*, 584 So. 2d 397, 399 (Miss. 1991). The Complaint alleges that Johnson mistakenly turned into Alamo's parking area, where tire spikes prevented her from leaving. [1] ¶¶ 9–10. Alamo's "agent[]" at the "corporate office" assured Johnson that "the matter would be handled promptly" and "the car would be removed from the Alamo area and returned to Budget." *Id.* ¶¶ 13–14, 17. Those allegations plausibly give rise to a duty.
- *Breach.* The Complaint alleges that, rather than returning the car to Budget, Alamo "took control of the car and rented it to one of their customers." *Id.* ¶ 18.

---

[3] A defendant has other means of eliciting a plaintiff's legal theories. *See, e.g.*, Fed. R. Civ. P. 12(e) (motion for a more definite statement); Fed. R. Civ. P. 16(c)(2) (pretrial conference allowing courts to "formulat[e] and simplify[] the issues"); Fed. R. Civ. P. 33(a) (contention interrogatories).

- *Proximate causation.* "The issue of proximate causation . . . is generally a matter of law." *Owens Corning v. R.J. Reynolds Tobacco Co.*, 868 So. 2d 331, 341 (Miss. 2004). As discussed, proximate causation turns on "reasonable foreseeability." *Moore*, 73 So. 3d at 1166. It was reasonably foreseeable that renting out, rather than returning, Johnson's car could financially harm Johnson.
- *Damages.* The Complaint alleges that Budget, missing the car that Alamo failed to return, took thousands of dollars out of Johnson's account on file. *See* [1] ¶ 19.

Johnson has alleged "simply, concisely, and directly events" that, she says, entitle her to damages. *Johnson*, 574 U.S. at 12. "Having informed [Alamo] of the factual basis for [her] complaint, [she was] required to do no more to stave off threshold dismissal for want of an adequate statement of [her] claim." *Id.* In short, Johnson has stated a plausible claim for negligence.

She has alleged a plausible negligent-misrepresentation claim, too. Alamo's only contrary argument is that "Budget proximately caused her injuries by charging her credit card, not Alamo." [18] at 4. As discussed, Alamo is wrong about proximate causation. So Johnson has stated a claim for negligent misrepresentation.

    3. Other Claims

Johnson's remaining three claims—negligent supervision, negligent training, and negligent infliction of emotional distress—fail under Rule 8. The Complaint alleges nothing about supervision, training, or emotional distress. *See* [1]. Defendants thus did not have "fair notice" of those three claims. *Twombly*, 550 U.S. at 555 (quotation omitted). The Court dismisses those claims without prejudice.

7

## IV. Conclusion

The Court has considered all arguments. Those not addressed would not have changed the outcome. For the stated reasons, the Court GRANTS IN PART and DENIES IN PART Defendant Alamo's [7] Motion to Dismiss.

The Court DISMISSES without prejudice Johnson's claims for fraudulent misrepresentation, negligent supervision, negligent training, and negligent infliction of emotional distress. And the Court GRANTS Johnson leave to amend within 21 days to address those claims' pleading deficiencies.

SO ORDERED, this 25th day of October, 2023.

s/ *Kristi H. Johnson*
UNITED STATES DISTRICT JUDGE